# IN THE UNITED STATE DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

| | |
|---|---|
| **JOHN DOE 2,** by and through his father and next friend, **JOHN DOE 1,**<br><br>Plaintiffs,<br><br>v.<br><br>**THE FAIRFAX COUNTY SCHOOL BOARD,**<br><br>Defendant. | Civil Action No. 1:18-cv-00846<br><br>Judge Leonie M. Brinkema |
| **PLAINTIFFS' AMENDED MOTION UNDER FED. R. CIV. P. 6(B) AND LOC. R. 7(G) FOR APPROXIMATELY 60-DAY CONTINUANCE OF CASE SCHEDULE** | |

Plaintiffs John Doe 1 and John Doe 2 respectfully move the Court under Fed. R. Civ. P. 6(b) Loc. R. 7(G) for an approximately 60-day continuance to enable new counsel (both *pro hac vice* counsel and local counsel) the opportunity to finish gathering and learning the voluminous case file, determine what additional work is needed, and perform their work competently. The current case schedule does not afford new Plaintiffs' counsel sufficient time to handle the matter knowledgeably or competently, in a way that is fair to the clients or the Court.[1] **Plaintiffs' counsel have conferred with defense counsel and Defendant takes no position on the Plaintiffs' request for a 60-day continuance of the trial and related modifications of other pretrial deadlines**.

A memorandum in support follows below.

---

[1] To be safe, Plaintiffs' counsel contemplated requesting a stay of the case or a 90-day extension, but after careful deliberation determined that a 60-day continuance would be minimally sufficient. No one is more motivated that Plaintiff John Doe 2 and his family to see their concerns resolved—and they deeply appreciate the Court's efforts to keep the case moving forward.

**MEMORANDUM IN SUPPORT**

I.   **Factual background**

On January 17, 2019, prior counsel moved to withdraw.[2] Local counsel Edward J. Ungvarsky noticed a limited appearance as counsel on January 18 to assist Plaintiffs in seeking relief from the briefing deadline regarding preclusion. Mr. Ungvarsky noticed his full appearance on January 29. *Pro hac vice* counsel, engaged by Plaintiffs as lead counsel, moved the Court for admission on January 30 and the Court granted those applications the following day.

On February 3, 2019, previous counsel transferred voluminous electronic files to lead counsel. Through February 4, new counsel were engaged in a frenzied effort to learn the relevant procedural history, research the law, and respond to the motion regarding preclusion, even in the absence of the entire case file. They are only now, consistent with their obligations to other clients, having the opportunity to review the file—which includes paper discovery, nine deposition transcripts, transcripts of court proceedings, and voluminous exhibits to research and assess against controlling law. Plaintiffs' counsel remain in no position to determine whether the files and discovery are complete, and what if any additional discovery is reasonable and essential under the circumstances. (The Court on December 20, 2018 contemplated additional discovery, potentially dependent on a preclusion ruling. Tr. at 30, 37 (Dec. 20, 2018) (Doc. 61). Without waiving privilege, Plaintiffs have informed counsel that additional discovery is needed and was expected, and that prior counsel assured them there were understandings with defense counsel. Plaintiffs' counsel is assessing the file to determine what is lacking. It does appear thus far that key witness depositions are either

---

[2] The circumstances leading to prior counsel's withdrawal are confidential and privileged. But new counsel are satisfied from their review that irreconcilable differences had developed between counsel and Plaintiffs about how the matter was being handled, and that Plaintiffs were reasonable and justified in determining that prior counsel could not proceed and needed to be discharged. Plaintiffs want the Court to understand the circumstances giving rise to this motion are not any fault of Plaintiffs and do not reflect any lack of diligence or effort to delay proceedings.

incomplete (such as the Rule 30(b)(6) deposition of the District), or absent (such as key alleged complainants about John Doe 2).)

Counsel have also more recently determined that there should be a file from different counsel who handled the underlying disciplinary hearings, and are in the process of securing its transfer. And Plaintiff John Doe 1—working diligently to assist counsel—is reviewing the five bankers' boxes of hard-copy files obtained from predecessor counsel, along with the electronic files, to ensure they are complete.

Given these circumstances, Plaintiffs' counsel are operating at a significant substantive disadvantage from defense counsel as the current February 22, 2019 dispositive-motion date, March 8 response date, and March 15 hearing date on dispositive motions all approach, as well as the April 8 trial date.

## II.   Argument

### A.  Fed. R. Civ. P. 6(b) contemplates extensions for good cause.

Fed. R. Civ. P. 6(b) in relevant part provides as follows:

> (b) EXTENDING TIME.
>
> > (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> >
> > > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> > >
> > > (B) on motion made after the time has expired if the party failed to act because of excusable neglect.
> >
> > (2) *Exceptions.* A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).

*See* Loc. R. 7(G) (good-cause standard for continuances); *C.f. GNB, Inc. v. Tropex, Inc.*, No. 87-16378, 1988 WL 60618, at *1 (4th Cir. Jun. 3, 1988) (holding district court "abused its discretion" in denying Rule 6(b) motion to file opposition to summary-judgment motion out of time; directing district court to grant Rule 6(b) motion and entertain summary-judgment motion on its merits). The

Rules exist to help decide cases justly, on the merits. Fed. R. Civ. P. 1. As explained below, good cause exists here to extend the case schedule.

### B. Based on the amount of work required to research the law and learn the case, it is not feasible for Plaintiffs' counsel to oppose an anticipated Defendant's February 22, 2019 summary-judgment motion.

If Defendant alone files a summary-judgment motion on February 22, 2019 as anticipated, and Plaintiffs are expected to file a response before the March 8 deadline, Plaintiffs' counsel cannot competently respond because they cannot by that time fully understand and brief the voluminous record and written discovery and engage with their clients sufficiently to give the clients' meaningful input. Opposing summary judgment will also require detailed compliance with Local Rule regarding filing material under seal and redacting sparingly, which will also require significant time in a case like this in which FERPA educational-privacy is an issue.

### C. It is not feasible for Plaintiffs' counsel to assess the viability of a potential Plaintiffs' summary-judgment motion by the current February 22, 2019 deadline—much less being able to file one by then if warranted.

In lead counsel's experience handling First Amendment, Title IX, and federal due-process claims, there are times when a plaintiff's summary-judgment (or partial summary-judgment) motion is appropriate for such claims based on the particular undisputed record in a particular case. Preliminary review of the file contents and the volume of information to be processed reveals that Plaintiffs' counsel, regrettably, are not in a position to meet the current February 22, 2019 deadline for dispositive motions,[3] nor a March 8 response date to any defense summary-judgment motion. Based on that preliminary review, it appears that Plaintiffs may have a colorable affirmative summary-judgment motion on the some of the claims. But it will take time for Plaintiffs' counsel to research the law and understand the facts to ensure that such a motion is truly grounded in

---

[3] Tr. at 39–40 (Dec. 20, 2018) (Doc. No. 61).

undisputed material facts as required, and that the law would support such a motion. While Plaintiffs' counsel would not waste the Court's time with an uncolorable claim, it would be unfair to Plaintiffs to not afford their new counsel the time to at least consider it and advise Plaintiffs.

**D. Plaintiffs would like to invest time to explore settlement with Defendant, which is not feasible if their counsel is simultaneously scrambling to meet the existing deadlines.**

Consistent with the Court's encouragement in prior proceedings, Plaintiffs would like to explore settlement discussions. To have any chance of success, what would be required of Plaintiffs' counsel is (1) crafting a pretrial remedy that reconciles the parties' competing interests—(a) Plaintiffs' concerns about the way John Doe 2 was treated and the result given the evidence versus (b) the District's interests in its decision-making process, (2) being able to intelligently discuss the record in this case such that Defendant might be moved to accommodate Plaintiffs' interests under the particular facts here, and (3) simultaneous researching and navigating the shoals of public-entity decision-making and transparency and FERPA privacy rights. Serious, productive efforts to explore workable peace are difficult when one is simultaneously required to work fulltime on waging litigation war. The 60-day continuance will enable Plaintiffs to craft a thoughtful, reasonable proposal and then meaningfully discuss with Defendant the pros, cons, and risks, while continuing to work on the litigation tasks.

**E. Plaintiffs' counsel require time to master the case before they can contemplate, let alone complete, additional discovery.**

Nor will they have had time to contemplate, let alone complete, additional discovery that might be needed, that the Court contemplated in the December 20 conference, and that Plaintiffs were promised by predecessor counsel. And new Plaintiffs' counsel cannot do all of those required tasks and simultaneously oppose summary judgment, and prepare for, and execute all the tasks required for, trial.

### F. Plaintiffs' counsel are unavailable for scheduled dates consistent with the Local Rules.

The Local Rules require local counsel to be available for all hearings and for trial. Loc. R. 83.1(F). Mr. Ungvarsky reports his known relevant scheduling constraints as follows:

**Out of town**

Feb. 21–24, 2019 - Prescheduled family vacation

**DC Law Students in Court Trials[4]**

March 20, 2019
March 26, 2019
March 28, 2019
April 15, 2019
April 22, 2019

**Federal trial**

Apr. 1–5, 2019 (*US v. Nathan Driver*, Case No. 3:18-cr-00113-HEH, Richmond). Although trial was scheduled after Mr. Ungvarsky was retained in this case; given federal speedy-trial requirements the date had to be scheduled just before the trial here. Also, there is a joined co-defendant, and the government expressed unavailability at Judge Hudson's proposed March dates.

**Immediately after current John Doe 2 trial date of April 8**

Apr. 11–12, 2019 (Frank Dunham seminar, CLE presented annually by federal public defender's office for E.D. Va. – of course, Mr. Ungvarsky's attendance is already conditional given that this trial is currently scheduled to begin April 8)

Apr. 23–25, 2019 (San Diego, CA to teach at a national seminar for criminal-defense investigators)

May 15–18, 2019 (Boulder, CO to teach capital-defense training)

May 19, 2019 (Baltimore, MD to teach at a capital-defense-mitigation training)

---

[4] Mr. Ungvarsky teaches half-time in a law-school clinical program called DC Law Students in Court. The students have misdemeanor trials in DC Superior Court. While a misdemeanor trial would not be difficult for Mr. Ungvarsky to handle by himself, responsibly supervising a law student to prepare for and conduct that trial is more time intensive. In all cases, he is counsel of record, although the student is supposed to handle the work. Given the academic schedule, the trials all had to be scheduled for March and April 2019.

>Jun. 13–14, 2019 (required to attend a state capital-defense-certification training; if he does not, he cannot accept court-appointed state capital-defense cases; also presenting at program)

>**Friday hearing dates with conflicts**

>May 3, 2019 (sentencing in E.D. Va before J. O'Grady in morning and a sentencing before J. Newman in Fairfax Circuit Court in afternoon.

>Jun. 7, 2019 (federal-capital-case pretrial scheduled in morning before Judge Ellis in E.D. Va.) [5]

>Jul. 19, 2019 (pretrial motions hearing in the same case).

Like local counsel, Mr. Chandra, lead, *pro hac vice* counsel, also have certain constraints like heavy appellate-briefing, deposition, and hearing schedules in other cases in March and April that are not flexible in the relevant courts. An April 4 federal hearing date is fixed, and counsel will need to prepare at least the day before, possibly more. Mr. Chandra also has out-of-state family weddings April 23–29 and July 11–15. And he is scheduled to attend the American Constitutional Society Convention in Washington, D.C. June 6–8, and the John Garner Public Service Fellowship program anniversary reunion in California June 20–23.

To be clear, notwithstanding the above schedules of Mr. Ungvarsky and Mr. Chandra as set forth above, as a team, counsel will act to accommodate the Court's trial availability in June and July. Counsel wish to provide Plaintiffs John Doe 1 and John Doe 2 with diligent, competent representation. If the Court is flexible with Local Rule 83.1(F)'s requirements about local counsel's participation in pretrial hearings, Plaintiffs may have even more flexibility.

---

[5] Judge Ellis has scheduled this multi-co-defendant trial for October 15 – Nov. 24, 2019. Additionally, in the District of Maryland, before Chief Judge Bredar, Mr. Ungvarsky has a federal capital trial scheduled for June 24–August 29, 2019. However, a re-arraignment is scheduled for March 11, 2019, at which time his client is expected to enter a guilty plea and the trial dates will be vacated. Accordingly, Mr. Ungvarsky does not represent unavailability for trial here during this time.

**III.   Conclusion**

Plaintiffs' counsel fully appreciate this Court's desire to move this case forward; Plaintiffs themselves share that desire. Plaintiffs respectfully request the Court continue deadlines for approximately 60 days so Plaintiffs' counsel may master the case and practice competently on behalf of their clients. Defendant has authorized Plaintiffs to inform the Court that it takes no position on the relief sought in this motion. Given the Friday, February 22 dispositive-motions date and Mr. Ungvarsky's unavailability to appear in person at a hearing on that day, Plaintiffs do not request a hearing on this motion. But if the Court deems it advisable, Plaintiffs would welcome an opportunity to convene with Court staff or the Court telephonically regarding scheduling details. Counsel for the Defendant has advised that Defendant is agreeable to not convening for a hearing although agreeing to Plaintiffs' inviting a telephone call with the Court or court staff if the Court wishes at its convenience to enable a conversation about scheduling details.

Respectfully submitted,

THE CHANDRA LAW FIRM LLC

*/s/ Subodh Chandra*
Subodh Chandra, admitted *pro hac vice*
Donald Screen, admitted *pro hac vice*
Ashlie Case Sletvold, admitted *pro hac vice*
Patrick Kabat, admitted *pro hac vice*
The Chandra Law Building
1265 West Sixth Street, Suite 400
Cleveland, OH 44113
216/578-1700
Subodh.Chandra@ChandraLaw.com
Donald.Screen@ChandraLaw.com
Ashlie.Sletvold@ChandraLaw.com
Patrick.Kabat@ChandraLaw.com

UNGVARSKY LAW, PLLC

*/s/ Edward J. Ungvarsky*
Edward J. Ungvarsky (VSB # 83014)
114 North Alfred Street
Alexandria, VA 22314
571/207-9710
ed@ungvarskulaw.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that I filed the above document using the Clerk's electronic-filing system, which will send notification to all counsel of record.

*/s/ Edward J. Ungvarsky*
*Counsel for Plaintiffs*